UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON ARTIS,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-658-PPS-APR

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Brandon Artis, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Under 28 U.S.C. § 1915A, a court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Artis is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Artis is an inmate at Indiana State Prison. He claims that between March 2025 and June 2025, his cellhouse was locked down several times. The lockdowns lasted from a few days to a few weeks. During the lockdowns, his only drinking water was from a

"spigot" in his cell. He claims the water coming out of this spigot is "light brown and greyish in color," "contains visible debris," and "smells of sewage and feces." He usually gets filtered water from a nearby drinking fountain, but during the lockdowns he could not leave his cell, so the water from the spigot was his only option.

He further claims prison officials are well aware the water in his cellhouse is unsafe. Warden Ron Neal and Assistant Warden Dawn Buss allegedly told prison staff not to drink the water and installed a water filtration system at each officers' station. He claims these high-ranking officials knew he had no access to clean drinking water during the lockdowns but did nothing to remedy the problem.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id*. at 834. The objective component asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that the act or omission of a defendant resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* (citation and internal quotation marks omitted). The denial of drinking water can satisfy this standard. *Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). However, whether there was a constitutional violation is a matter of gradation. "[P]risoners are not entitled to Fiji Water on demand . . . . [b]ut on the other end of the spectrum, a defendant cannot purposefully deny water until a prisoner is on the brink of death[.]" *Id.* On the subjective component, "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting

standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (citation omitted).

Accepting Artis' allegations as true, he has adequately alleged an Eighth Amendment violation. He claims that during recurring periods lasting up to a few weeks, his only drinking water is visibly dirty and smells of sewage. He claims the defendants were personally aware of this issue but did nothing to provide him with clean drinking water during lockdowns. He has alleged enough to proceed against the defendants for damages under the Eighth Amendment.

His complaint can also be read to allege that he needs permanent injunctive relief to remedy the lack of clean drinking water during lockdowns, which occur with some frequency in his cellhouse. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Artis will be allowed to proceed against the Warden in his official capacity for permanent injunctive relief to obtain adequate drinking water during lockdowns as required by the Eighth Amendment.

He also invokes the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300f *et seq.*, which was enacted to "establish uniform standards for public water systems and to reduce contamination in drinking water." *Alatorre v. Holcomb*, No. 1:23-CV-00282-JPH-KMB, 2023 WL 3173899, at *3 (S.D. Ind. May 1, 2023). The SDWA provides the states with primary authority over the management of water systems but authorizes the

3

federal government to compel compliance with clean water standards, 42 U.S.C. § 300g-3(b), and to impose civil penalties for non-compliance. *Id.* at § 300g-3(g). However, "[t]here is no private right of action for damages arising from a violation of the SDWA." *Alatorre*, 2023 WL 3173899, at *3 (citation omitted). Therefore, Artis cannot pursue a claim for damages under the SWDA. A private party may seek injunctive relief under the SDWA in certain circumstances, but there are multiple notice requirements that must be satisfied before a suit can be brought. 42 U.S.C. § 300j–8. There is no indication from the complaint that Artis followed the complex notice procedures contained in the SDWA to pursue a claim for injunctive relief. Additionally, he is already being permitted to seek permanent injunctive relief related to the water, and another claim directed at this same relief is unnecessary.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal and Deputy Warden Dawn Buss in their personal capacity for money damages for failing to provide him with clean drinking water during lockdowns between March 2025 and June 2025 in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for clean drinking water during lockdowns as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

4

Warden Ron Neal and Deputy Warden Dawn Buss at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Ron Neal and Deputy Warden Dawn Buss to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 29, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT